JS-6
LINKS: 9, 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-07029 GAF (FMOx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | City of Los Angeles v. Hamada, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

### ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS

### I.  INTRODUCTION AND BACKGROUND

Before the Court are Plaintiff's Motion to Remand this action to the superior court and Defendants' Motion to Dismiss Plaintiff's claims.  Because the Court concludes that Defendants' Notice of Removal was procedurally defective, Plaintiff's Motion is **GRANTED**, the case is **REMANDED** to Los Angeles Superior Court, and Defendants' Motion to Dismiss is **DENIED as moot**.

Plaintiff City of Los Angeles ("City") alleges that after operating a restaurant at Los Angeles International Airport, Defendant Hamada, Inc. defaulted under its contract with City. (Docket No. 12 [Mot. to Remand] at 2.)  City therefore filed a complaint against Hamada, Inc. and personally served Mariko Hamada, one of the corporation's principals. (Id.)  Hamada, Inc. never responded to the complaint and the superior court ultimately entered a default judgment against it. (Id.)  City then discovered that Hamada, Inc., was insolvent and named Jay and Mariko Hamada as additional defendants after "discovering evidence of commingling and other indicia of alter ego." (Id. at 3.)  Jay and Mariko Hamada, represented by the same counsel as Hamada, Inc., filed a Notice of Removal on August 15, 2012. (Docket No. 1 [Not. of Removal].)  The notice did not specifically allege that Hamada, Inc., consented to the removal.  On August 21, 2012, Jay and Mariko filed a Notice of Errata correcting a number of errors in their initial Notice of Removal, but again failing to allege that Hamada, Inc. consented to the removal (Docket No. 7 [Not. of Errata].)  City filed a timely Motion to Remand the case to superior court

JS-6
LINKS: 9, 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07029 GAF (FMOx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | City of Los Angeles v. Hamada, Inc. et al | | |

on September 6, 2012. (Docket No. 12 [Mot. to Remand].)

## II.  DISCUSSION

### A. LEGAL STANDARD FOR REMOVAL UNDER 28 U.S.C. § 1441

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." Flatwire Solutions, LLC v. Sexton, 2009 WL 5215757, at *1 (C.D. Cal. Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)).  "Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  "The party seeking removal bears the burden of establishing federal jurisdiction." Id. (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Id. (citation omitted).

"In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224 (9th Cir. 2009) (quoting Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986)).  Furthermore, the Ninth Circuit has concluded that "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" to meet the requirement that all defendants "join" in removal. Id. at 1225.

### B.  PROCEDURAL DEFECTS IN REMOVAL

Plaintiff alleges that Defendants' removal notice was defective because Hamada, Inc. did not formally join the notice despite being a "properly joined and served" party to the action. (Docket No. 12 [Mem.] at 3.)  Plaintiff further asserts, on the basis of a single Fourth Circuit case from 1927, that the entry of default judgment against Hamada, Inc. strips it of the ability to formally consent to the other defendants' removal. (Id. at 4.) In response, Defendants contend that a defendant in default is not only permitted to consent to a notice of removal, but is required to do so.  (Docket No. 16 [Opp.] at 3.)

District courts in a number of circuits have found removal notices to be procedurally defective where a defendant encumbered by a default judgment against it in state court has failed to join in the notice.  Quoting a decision from the Central District of Illinois, a New Jersey district court noted that "[p]ersuasive case law, particularly Schlegle & Sons Printing, argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07029 GAF (FMOx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | City of Los Angeles v. Hamada, Inc. et al | | |

against the proposition that entry of default judgment renders a party nominal," and therefore held that a defendant's consent to removal was required despite the entry of default judgment against it in state court. Am. Asset Fin., LLC v. Corea Firm, 821 F. Supp. 2d 698, 701 (D.N.J. 2011) (quoting Schlegle & Sons Printing v. United English Breeders & Fanciers Ass'n, Inc., 682 F. Supp. 36, 37 (C.D. Ill. 1988)). The Western District of Texas has reached the same conclusion, explaining in Alanis v. Wells Fargo Nat'l Ass'n that the assumption that "a party in default [] is not required to consent [to removal]" is "not supported by the case law." 2012 WL 113725 at *1 (W.D. Tex. 2012).

Though none of these decision affirmatively states that consent on the part of a defendant in default is permissible, the Court finds persuasive Defendants' argument that if a defaulted defendant's consent is required for removal, then such consent surely must be permissible. (Docket No. 12 [Mem.] at 3.)

Having determined that Hamada, Inc., was both able and required to consent to removal, the relevant question becomes whether it did so. The Court concludes that it did not. Neither the original Notice of Removal nor the Notice of Errata correcting the Notice of Removal alleges that Hamada, Inc. consented to removal. (Docket Nos. 1 [Not. of Removal], 2 [Not. of Errata].) Defendants concede that Hamada, Inc.'s consent was not included in the body of the notice, but argue that, in the Central District, explicit consent to removal is unnecessary. (Docket No. 16 [Opp.] at 4.)

Specifically, Defendants contend that this case is largely indistinguishable from Lewis v. City of Fresno, 627 F. Supp. 2d 1179 (E.D. Cal. 2008). In that case, which was not decided in the Central District, the district judge determined that the city's failure to formally join the removal notice did not render it deficient because a number of factors demonstrated that the city had intended to consent: (1) "defendants were all represented by the same counsel," (2) "the civil cover sheet filed with the removal list[ed] all Defendants," (3) "all Defendants filed the certificate of service of removal," and (4) "the filing fee was paid by the City using City Attorney James Sanchez's credit card, which is issued to the 'City of Fresno.'" Id. at 1186.

Underlying the analysis in Lewis appears to be an assumption that the interests of all of the defendants were aligned and that the failure of the city to formally join the Notice of Removal was therefore clearly an oversight. As a result, the Lewis Court reasoned it would "exalt[] form over substance to ignore th[e] direct evidence of the City Defendant's intent to remove" and granted the city leave to amend its deficient notice. Id. at 1186.

**JS-6**
**LINKS: 9, 12**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07029 GAF (FMOx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | City of Los Angeles v. Hamada, Inc. et al | | |

Defendants erroneously argue that "[t]he critical facts in Lewis are virtually indistinguishable from those before the Court in this case," which contains unique facts that allay any concern the Court might otherwise have about "exalt[ing] form over substance." (Docket No. 16 [Opp.] at 5.) Unlike the Lewis defendants, the Hamada Defendants have already had an opportunity to amend their Notice of Removal. (Docket No. 7 [Not. of Errata].) However, in their Notice of Errata Defendants again failed to allege that Hamada, Inc. consented to the removal. (Id.) And nowhere in Defendants' Opposition do they request leave to amend the deficient notice – a conspicuous absence in light of the Lewis Court's order that defendants in that case submit an amended notice of removal. Lewis, 627 F. Supp. 2d at *1186.

Furthermore, the Hamada Defendants do not appear to be acting in unison with respect to their litigation strategy. Unlike the Lewis Defendants, all of whom filed a joint motion to dismiss, the Motion to Dismiss filed in this case requests dismissal only with respect to the two individual defendants, Jay and Mariko Hamada. (Docket No. 9 [Mot. to Dismiss].) Of particular interest is the basis for the motion: Defendants Jay and Mariko Hamada's argument that "the Complaint and all its amendments offer no facts to support a claim that the Hamadas are alter-egos of Hamada, Inc." (Id. at 3.) Essentially, this amounts to an argument that the identities and interests of the individual Hamadas and those of Hamada, Inc., are sufficiently distinct to justify dismissal of Plaintiff's alter ego claim.

Defendants' 12(b)(6) argument therefore undercuts their assertion that the interests of the three defendants are so closely aligned that the Court should assume Hamada Inc.'s consent to removal. The interests of Jay and Mariko Hamada and Hamada, Inc., are either clearly aligned or they are not; Defendants cannot have it both ways. And, in this case, Defendants' interests appear insufficiently aligned to permit removal absent Hamada Inc.'s explicit consent in the notice.

**C. HAMADA INC.'S BANKRUPTCY PROCEEDINGS**

Finally, Defendants assert in the alternative that all of the proceedings involving Hamada, Inc., including a ruling on the Motion to Remand, must be stayed as a result of Hamada Inc.'s Chapter 7 bankruptcy filing. (Docket No. 20 [Reply] at 6.) Defendants further argue that all proceedings involving Jay and Mariko Hamada must also be stayed because a Nevada court might conclude that Hamada, Inc. has the exclusive right to pursue an alter ego cause of action against Jay and Mariko Hamada.

Defendants are correct that 11 U.S.C. § 362 automatically stays judicial proceedings

**JS-6**
**LINKS: 9, 12**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07029 GAF (FMOx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | City of Los Angeles v. Hamada, Inc. et al | | |

"against the debtor," Hamada, Inc. 11 U.S.C. § 362.  However, because the Notice of Removal was procedurally defective, Hamada, Inc., was never properly before this Court as a party.  A remand of this action to state court would therefore not be in violation of the automatic stay with respect to Hamada, Inc.  Furthermore, because Jay and Mariko Hamada would only properly be before the Court had all Defendants, including Hamada, Inc., joined in a proper Notice of Removal, remand of their claims is also appropriate.  The Court therefore need not address Defendants' argument that a stay of the proceedings against Jay and Mariko Hamada is required in light of Hamada, Inc.'s bankruptcy filing.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED** and the case is **REMANDED** to Los Angeles Superior Court.  Defendants' Motion to Dismiss is **DENIED as moot**.

**IT IS SO ORDERED.**